IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ARTURO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-858-K |
| | § | |
| TAYLOR FARMS TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Taylor Farms Texas, Inc.'s ("Taylor Farms") Motion to Dismiss and Brief in Support (Doc. No. 8) and supporting exhibits (Doc. No. 9) (together, the "Motion"). Taylor Farms moves the Court to dismiss Plaintiff Jose Arturo Hernandez's ("Mr. Hernandez") discrimination and wrongful termination claims under both state and federal law as time-barred. Doc. No. 8. After careful review of the Motion, relevant portions of the record, and the applicable law, the Court **GRANTS in part and DENIES in part the Motion**. Mr. Hernandez's claims for discrimination and wrongful termination under state law are time-barred, and must be **dismissed with prejudice**, but the Court finds that Mr. Hernandez's claims brought under federal law were filed within the time required under federal law. Accordingly, the Motion to Dismiss is **GRANTED** with respect to Mr. Hernandez's discrimination and wrongful termination claims under state law and **DENIED** with respect to Mr. Hernandez's discrimination and wrongful termination claims under federal law.

1

**I. Background**

This is a case of alleged employment discrimination and wrongful termination, but the issues raised by this Motion are purely procedural. Mr. Hernandez's Original Petition (the "Petition") states that he worked as a production supervisor for more than thirty years for Taylor Farms in Dallas County, Texas. Doc. No. 1-1 at 5, ¶¶ 10,11(all docket citations refer to CM/ECF page numbering). Mr. Hernandez further states he is a Hispanic male of Mexican descent, and at all relevant times he was over the age of forty. *Id.* at ¶ 9. Mr. Hernandez then alleges he was treated worse than other similarly situated employees in his employment. *Id.* at 6, ¶ 13. In his Petition, Mr. Hernandez claims an unnamed Taylor Farms employee said, "try to fire the old people and put young people in key positions." *Id.* at 5, ¶ 12. Finally, Mr. Hernandez pleads he was wrongfully terminated on November 14, 2022. *Id.* at 6 ¶ 14.

Following his termination, Mr. Hernandez filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on September 11, 2023. Doc. No. 9 at 2-3. In his charge Mr. Hernandez alleged he was discriminated against based on his race, age, national origin, sex, and was retaliated against in violation of federal law. *Id.* In his charge, Mr. Hernandez outlined the discrimination he alleges, as well as his claims of more favorable treatment of other employees, and his claims other unnamed employees had discrimination concerns too. *Id*.

On September 29, 2023, the EEOC issued a Dismissal and Notice of Rights to Mr. Hernandez (the "Dismissal"). Doc. No. 9 at 6-7. The Dismissal stated "the EEOC

2

is closing this charge because your charge was not filed within the time limits under the law." *Id.* The Dismissal noted Mr. Hernandez had 90 days from receipt to sue. *Id.*

Mr. Hernandez initiated this action by filing his Petition in the Dallas County Court at Law on December 28, 2023. Doc. No. 1-1 at 4. In his Petition, Mr. Hernandez pleads Taylor Farms unlawfully discriminated against him, and wrongfully terminated him, because of his race, national origin and age. Doc. No. 1-1 at 6-8, ¶¶ 18-32. Mr. Hernandez further claims Taylor Farms violated the Texas Commission on Human Rights Act at § 21.051 of the Texas Labor Code (the "TCHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 (the "ADEA"). *Id.* Taylor Farms removed, and promptly moved to dismiss. *See* Doc. No. 1; Doc. No. 8.

Taylor Farms's Motion to Dismiss alleges Mr. Hernandez's claims under both state and federal law are time-barred by Mr. Hernandez's failure to first exhaust his administrative remedies, since he failed to timely file with the EEOC. Doc. No. 8 at 1. Specifically, "Taylor Farms files this Motion to Dismiss… for Plaintiff filed his Charge of Discrimination more than 300 days after the alleged unlawful employment practice occurred." *Id.* Mr. Hernandez did not respond, and the Motion is ripe to decide.

## II.   Standard of Review

The Court may grant a Rule 12(b)(6) motion to dismiss when, in its complaint, the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint must contain

3

sufficient factual allegations, which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

While a court must "accept as true" all well-pleaded facts on a motion to dismiss, courts must not "accept as true a legal conclusion couched as a factual allegation". *Twombly, 550 U.S.* at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Further, a complaint may be dismissed via Rule 12(b)(6) when the complaint shows that the claim is time-barred as a matter of law. *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Finally, in considering a motion to dismiss, the court may consider the facts set forth in the complaint, documents attached to the complaint, matters which are proper for judicial notice under Federal Rules of Evidence, and documents attached to the defendant's motion, if they are referred to in the complaint and are central to plaintiff's claims. *Petersen v. Johnson*, 57 F.4th 225, 228 n.1 (5th Cir. 2023)(citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

### III. Analysis

Taylor Farms moves to dismiss all Mr. Hernandez's discrimination and wrongful termination claims under state and federal law, alleging all his claims are time-barred because Mr. Hernandez failed to timely file a charge of discrimination within the period

required by law.  Doc. No. 8.  As the requirements for filing a timely charge differ under state and federal law, the Court addresses them each separately below.

**A. Mr. Hernandez's TCHRA claims are time-barred and must be dismissed.**

The Court finds that the claims Mr. Hernandez has brought under the TCHRA are time-barred due to his failure to exhaust his administrative remedies within the time allowed to him by Texas law.  Chapter 21 of the Texas Labor Code requires complaints of discrimination to be filed with the Texas Workforce Commission or the EEOC not later than 180 days after the alleged unlawful employment practice occurred, prior to filing suit.  TEX. LABOR CODE. § 21.202(a); *Specialty Retailers, Inc. v. Demoranville*, 933 S.W.2d 490, 492 (Tex. 1996)(per curiam)(holding that it is mandatory for plaintiff to file their charge within 180 days of the allegedly unlawful employment practice).  A plaintiff's failure to meet this 180 day mandatory deadline is basis for a dismissal of the claim with prejudice under Rule 12(b)(6) for a failure "to plausibly allege [the plaintiff] exhaust[ed] their mandatory administrative remedies". *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020)(affirming a Rule 12(b)(6) dismissal with prejudice of a TCHRA claim where plaintiff failed to timely file a charge with the EEOC within 180 days).

Here, the record reflects that Mr. Hernandez filed his charge with the EEOC on September 11, 2023.  Doc. No. 9 at 2.  The Court may consider Mr. Hernandez's charge since it was referenced in his petition, it is central to his claim for relief, and it is attached to defendant's motion to dismiss.  *See* Doc. No. 1-1 at 6, ¶¶15-17; Doc. No.

9 at 2-3.  On this undisputed record, Mr. Hernandez's charge of discrimination was filed 301 calendar days after his termination on November 14, 2022.  *Id.*

Since Mr. Hernandez filed his charge beyond the TCHRA's 180-day mandatory deadline, Mr. Hernandez's state law discrimination and wrongful termination claims are time-barred.  As a result, Mr. Hernandez cannot  state a claim for relief under state law which is plausible on its face.  Accordingly, the Court **grants** Taylor Farms's Motion to Dismiss with respect to the claims Mr. Hernandez's has brought under the TCHRA, and these state-law claims for discrimination and wrongful termination are **dismissed with prejudice**.  *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020).

**B. Mr. Hernandez's Title VII and ADEA claims are not time-barred and may proceed.**

The Court finds Mr. Hernandez's claims brought under Title VII and the ADEA are not time-barred, since Mr. Hernandez met his duty to exhaust his administrative remedies by timely filing with the EEOC within the period required under federal law.

Just as under state law, to bring suit under Title VII and the ADEA, a plaintiff must first file a charge with the EEOC to exhaust their administrative remedies.  *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019)(citing *Price v. Southwestern Bell Telephone Co.*, 687 F.2d 74, 77 (5th Cir. 1982)(Title VII) then *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988)(ADEA)).

6

However, under federal law, a plaintiff must file their charge of discrimination within 300 days of the alleged unlawful employment practice or termination. 42 U.S.C. § 2000e-5(e)(1); *Julian v. City of Houston*, 34 F.3d 721, 726 (5th Cir. 2002) (citing *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 540 (5th Cir. 1992)); *see also* Doc. No. 8 at 3 (Taylor Farms conceding a 300-day charge filing deadline applies). The record shows that Mr. Hernandez's charge was filed 301 days after his termination. Doc. No. 9 at 2. This missed day is the sole and express basis on which Taylor Farms seeks to dismiss Mr. Hernandez's Title VII and ADEA claims. Doc. No. 8 at 1.

In considering the Motion, the Court takes notice that the 300 day deadline for Mr. Hernandez to file his post-termination charge fell on Sunday, September 10, 2023, and further notices that Mr. Hernandez filed his charge on Monday, September 11, 2023, the next day following the statutory deadline, that was not a weekend or holiday.

The day of the week of the statutory deadline is dispositive here, for Rule 6 of the Federal Rules of Civil Procedure apply to deadlines for filing a charge with the EEOC. *See Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). In particular, Rule 6(a)(1), provides that for a period stated in days, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED R. CIV. P. 6(a)(1). In a recent case in this district, pursuant to Rule 6(a)(1), the Court held a plaintiff's deadline to file their charge of discrimination was extended to the "next day not a Saturday, Sunday or legal holiday" when their statutory 300-day deadline otherwise

7

fell on a holiday. *Esaadi v. United Parcel Serv., Inc.,* Civ. Action. No. 3:20-CV-1777-N-BK, 2021 WL 3744098 (N.D. Tex. July 13, 2021) (Toliver, M.J.), *report adopted by*, 2021 WL 3743811 (N.D. Tex. Aug. 24, 2021) (Godbey, J.).

Since Hernandez's statutory 300-day charge filing deadline fell on Sunday, September 10 2023, due to Rule 6(a)(1), Mr. Hernandez's deadline did not run until the next day that was not a "Saturday, Sunday or legal holiday." Pursuant to Rule 6(a)(1) Mr. Hernandez's deadline to file was Monday, September 11, 2023, and that is the day that he filed his charge of discrimination with the EEOC. Doc. No. 9 at 2. The Court finds Mr. Hernandez's charge of discrimination was timely filed under federal law and accordingly, his Title VII and ADEA claims are not barred. Accordingly, the Court **denies** Taylor Farms's Motion to Dismiss the discrimination and wrongful termination claims which Mr. Hernandez has brought under federal law.

### IV. Conclusion

For the reasons above, Taylor Farms's Motion to Dismiss is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** with respect to Mr. Hernandez's state claims for discrimination and wrongful termination brought under the TCHRA, and **these claims are dismissed with prejudice.** Taylor Farms's Motion to Dismiss

8

is **DENIED** with respect to the federal claims for discrimination and wrongful termination which Mr. Hernandez has brought under Title VII and the ADEA.

    **SO ORDERED**.

Signed September 18th, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE